| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **LAW OFFICE OF ROBERT L. GELTZER** |
| *Substitute Special Litigation Counsel to* | *General Counsel to the Trustee* |
| *the Chapter 7 Trustee* | 1556 Third Avenue, Suite 505 |
| 1350 Broadway, 11th Floor | New York, New York 10128 |
| New York, New York 10018 | (Tel) 212.410.0100 |
| (Tel) 212.216.8000 | Robert L. Geltzer, Esq. |
| (Fax) 212.216.8001 | rgeltzer@epitrustee.com |
| Robert A. Wolf, Esq. | |
| Gregory J. Skiff, Esq. | |
| rwolf@tarterkrinsky.com | |
| gskiff@tarterkrinsky.com | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re:                                                        **Case No. 11-10219 (CGM)**

**KENNETH IRA STARR,** *et al.*,              **Chapter 7**

                                                        **Jointly Administered**
                         Debtors.[1]                **Substantively Consolidated**
----------------------------------------------------------------x
**ROBERT L. GELTZER, AS CHAPTER 7**
**TRUSTEE OF KENNETH IRA STARR,**
**STARR & COMPANY, LLC, AND STARR**
**INVESTMENT ADVISORS, LLC,**
                                                        **Adv. Pro. No. 14-02395-cgm**
                         Plaintiff,

                         v.

**HAROLD EVANS and TINA BROWN,**
                                                         **SECOND AMENDED**
                         Defendants.          **COMPLAINT**
----------------------------------------------------------------x

       Robert L. Geltzer, Esq., as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of Kenneth

Ira Starr ("**Starr**"), Starr & Company, LLC ("**S&C**"), and Starr Investment Advisors, LLC

---

[1]      The Debtors in these cases and the case number assigned to each of the Debtors are as follows: Kenneth Ira Starr (11-10219 (ALG)); Starr & Company, LLC (11-10637 (ALG)); and Starr Investment Advisors, LLC (11-10639 (ALG)).

{Client/007357/BANK828/00899368.DOCX;1}           1

("**SIA**," and together with Starr and S&C, the "**Debtors**"), and as Trustee, the Plaintiff in this adversary proceeding, by and through his undersigned attorneys, as and for his Second Amended Complaint against defendants Harold Evans ("**Evans**") and Tina Brown ("**Brown**") (collectively, "**Defendants**"), alleges as follows based upon information and belief (acquired from, among other things, available internal corporate documents and records of the Debtors,[2] documents and information obtained from other sources, and other publicly available documents):

## PARTIES

1. Plaintiff is the duly appointed Chapter 7 Trustee for the Debtors. The Trustee is a resident of the State of New York and is a licensed New York attorney maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

2. At all times relevant herein, Defendant Evans was and is an individual whose last known address is 447 East 57th Street, New York, New York 10022, and who was and is the husband of Defendant Brown.

3. At all times relevant herein, Defendant Brown was and is an individual whose last known address is 447 East 57th Street, New York, New York 10022, and who was and is the wife of Defendant Evans.

---

[2] The Trustee's Court-appointed Accountant's due diligence review of the Debtors' books and records revealed, in part, that significant services were performed by the Debtors for the benefit of certain of their clients. Over the course of many years, it was found that the Debtors billed those clients for those services performed: (a) on an hourly basis, or (b) by monthly retainer, or (c) on a transactional basis (*i.e.*, deal by deal, % of income, etc.). The Trustee's Accountant also reviewed client account histories and cash receipts journals in order to determine if the amounts claimed to be due and owing from clients, including the Defendants, might be in need of adjustment, based on the Debtors' records, and made such adjustments, if required, in order to obtain corrected balances due from clients, including the Defendants. Although the Trustee's Accountant made every reasonable effort to determine the appropriate dollar amounts, it is possible that additional relevant documents were neither in the Debtors' possession nor readily obtainable by the Trustee or his Accountant. If such documents exist, they might affect the amounts being sought herein. Similarly, it may be possible that situations, either undocumented or otherwise unknown to the Trustee, may exist which, in turn, would result in upwards or downwards adjustments of certain of the amounts being sought herein (*e.g.*, unissued credits, agreed upon discounts, etc.). Absent these unknowns, the Trustee's Accountant believes that the amounts being sought herein are a reasonable reflection of the amounts owed by the Defendants to the Debtors' estate.

## **JURISDICTION AND VENUE**

4. The United States District Court for the Southern District of New York (the "**District Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

5. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A) and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. To the extent any of the Counts asserted by Plaintiff against the Defendants in this adversary proceeding are not deemed core proceedings and/or are deemed to be related to a case under Title 11 of the United States Code, Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 101 and 105(a); the general equity powers of the Bankruptcy Court; and the general common law of the State of New York; and it is also commenced pursuant to Federal Rules of Bankruptcy Procedure 6009, 7001, and 7008 to recover money or property belonging to the Debtors' estate.

7. Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# FACTS

## A. Background

8. The Debtors managed the financial and related personal affairs of, and served as an investment advisor for, numerous clients.

9. On or about May 26, 2010, the United States brought a criminal proceeding (the "**Criminal Proceeding**") against Starr in the District Court, Case No. 10-CR-00520-SAS-1.

10. In addition to the Criminal Proceeding, on or about May 26, 2010, the United States Securities and Exchange Commission (the "**SEC**") commenced a civil enforcement proceeding in the District Court against Starr, S&C and SIA, Case No. 10-CIV-4270 (SHS) (the "**SEC Proceeding**").

11. Aurora Cassirer, Esq. was appointed in the SEC Proceeding as the temporary, and then the permanent, receiver (the "**Receiver**") for S&C and SIA.

12. On or about September 10, 2010, Starr pled guilty in the Criminal Proceeding to, among other things, wire fraud and money laundering and is presently serving a seven and one-half year prison term in the Federal prison located in Otisville, New York.

13. On January 7, 2011, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Starr in the Bankruptcy Court by the Estate of Joan Stanton and JAS Ventures, L.P. The Bankruptcy Court entered an order for relief on July 12, 2011, and shortly thereafter, the Trustee was appointed as the interim Chapter 7 trustee of Starr, and subsequently became permanent Trustee of Starr pursuant to Section 702(d) of the Bankruptcy Code and by operation of law.

14. On February 17, 2011 (the "**Petition Date**"), the Receiver filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on behalf of S&C and SIA.

15. On December 8, 2011, upon a motion by the Trustee, the Bankruptcy Court entered an order (the "**Consolidation Order**") substantively consolidating the estates of Starr, S&C and SIA into a single Chapter 7 estate.

16. On December 27, 2011, the Trustee was appointed as successor trustee for both S&C and SIA, and continues to serve as Trustee of the Debtors' substantively consolidated chapter 7 estate.

### B. Professional Services Rendered to and on Behalf of the Defendants

17. During the period December 2008 through May 2010, S&C provided various professional services on behalf of Defendants, Defendants' family members, and/or various entities in which the Defendants held a controlling interest(s), including: (a) tax preparation and planning services; (b) preparation of periodic financial statements; (c) negotiations with taxing authorities; (d) investment advising with respect to various funds, including funds managed by the Blackstone Group, Allen Capital, Bear Stearns, Center Capital, Terremark and/or affiliates thereof; (e) maintenance of QuickBooks for their financial records; (f) preparation of payroll, data entry and bank reconciliations; and (g) consulting and advisory services and other financial-related services (collectively, the "**Professional Services**").

18. During the period commencing January 2009 and ending in June 2010, S&C provided the Defendants with monthly statements of account which reflected the outstanding fees and expenses due from the Defendants in connection with the Professional Services

rendered by S&C. Annexed hereto as Exhibit "A" are copies of each of those statements of account.[3]

19. On or about September 9, 2013 and April 29, 2014 the Trustee wrote to the Defendant Evans demanding payment of the amount which was then believed to be the amount owed by the Defendants for the Professional Services rendered by S&C. Upon further analysis of the Debtors' books and records (see note 2, supra) and consideration of the applicable statute of limitations, it is the Trustee's position that the Defendants owe the Debtors' estate the amount of $98,410.19 for the Professional Services (the "**Account Receivable**").

20. During a telephone conversation on March 9, 2014 with the Trustee's office, the Defendant's then representative responded to the Trustee's September 9, 2013 letter by asserting that the Defendants did not owe any amount to the Debtors' estate, but the Trustee was not provided with documentation to support such assertion.

21. To date, the Defendants have failed and refused to make any payment to the Trustee, and thus there remains due and owing from the Defendants the total Account Receivable of $98,410.19.

---

[3] To date, the Trustee and his professionals have been unable to locate monthly statements of account that would have been sent to Defendants in the months of January 2010 and February 2010 for Professional Services rendered during the months of December 2009 and January 2010, respectively. Accordingly, the total amount of the Account Receivable (defined infra) of $98,410.19 includes amounts for Professional Services rendered during the aforesaid months of December 2009 and January 2010, totaling $10,784.53, for which no monthly statements of account have been located to date, but which are reflected on S&C's "Sales Analysis By Customer Report 01/01/09 To 03/01/10," annexed hereto as Exhibit "B". Accordingly, although Count One of this Complaint, infra, for account stated, seeks recovery of the lesser amount of $87,625.66, the total of the amounts reflected on the statements of account annexed hereto as Exhibit "A," the Trustee reserves the right to seek a greater amount in damages on Count One if, during the course of discovery, copies of statements of account for the aforementioned missing months are located.

## COUNT ONE
**(Account Stated)**

22. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

23. The aforesaid Professional Services rendered by S&C were for the benefit of the Defendants, which resulted in the accrual of a debt. Thus, there exists a debtor-creditor relationship, whereby S&C was, and since as of the Petition Debt the Debtors' estate has been and is, the creditor and the Defendants have been and are the debtors.

24. From in or about January 2009 through and including June 2010, S&C provided Defendants with the monthly statements of account (annexed hereto as Exhibit "A") which reflected the outstanding balance due from the Defendants to S&C for the fees and expenses incurred by S&C on behalf of the Defendants in rendering the aforesaid Professional Services during the months to which the statements of accounts related.

25. At the times those statements were provided, Defendants retained them without objection.

26. No part of the sums owed for the Professional Services reflected on those statements has been paid, although due and duly demanded by the Trustee, and there is now due and owing from the Defendants to the Debtors' estate the sum of $87,625.66 reflected on those statements, plus interest and costs.

## COUNT TWO
**(*Quantum Meruit*)**

27. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

28. Commencing in or about December 2008 through and including in or about May 2010, S&C performed the Professional Services for the benefit of the Defendants in good faith.

29. The Defendants accepted and benefited from the Professional Services provided by S&C without objection.

30. As evidenced by the monthly statements of account provided to Defendants by S&C (Exhibit "A" hereto) and the "Sales Analysis By Customer Report 01/01/09 To 03/01/10," (Exhibit "B" hereto), S&C had a reasonable expectation that it would be compensated by the Defendants for performing the Professional Services.

31. The aforesaid amount of $98,410.19 is the reasonable value of the Professional Services rendered by S&C for the benefit of the Defendants.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee requests that this Court enter judgment in favor of the Trustee as follows:

A. On Count One, jointly and severally against the Defendants, in the amount of $87,625.66 together with such additional amounts reflected on statements of account dated January 1, 2010 and February 1, 2010, if located, plus interest and costs;

B. On Count Two, jointly and severally against the Defendants, in the amount of $98,410.19, plus interest and costs;

C. Awarding the Trustee's attorneys' fees and costs; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 24, 2015

| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **THE LAW OFFICES OF** |
| *Special Litigation Counsel to the* | **ROBERT L. GELTZER** |
| *Chapter 7 Trustee* | *Counsel to the Trustee, Robert L. Geltzer,* |
| | *Trustee of Kenneth Ira Starr, et al.* |
| By:  /s/ Robert A. Wolf | 1556 Third Avenue, Suite 505 |
|      Robert A. Wolf | New York, New York 10128 |
|      Gregory J. Skiff | (Tel) 212.410.0100 |
|      1350 Broadway, 11th Floor | rgeltzer@epitrustee.com |
|      New York, New York 10018 | |
|      (Tel) 212.216.8000 | |
|      rwolf@tarterkirnsky.com | |
|      gskiff@tarterkrinsky.com | |