**BOIES, SCHILLER & FLEXNER LLP**

| | |
|---|---|
| Scott E. Gant (*pro hac vice*) | Colleen A. Harrison |
| 5301 Wisconsin Avenue, NW | 26 South Main Street |
| Washington, DC 20015 | Hanover, NH 03755 |
| T: 202-237-2727 | T: 603-643-9090 |
| F: 202-237-6131 | F: 603-643-9010 |
| E: sgant@bsfllp.com | E: charrison@bsfllp.com |

*Attorneys for Defendants Harold Evans and Tina Brown*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 11-10219 (MEW) |
| KENNETH IRA STARR, *et al.*, | Chapter 7 |
| Debtors.[1] | |
| ROBERT L. GELTZER, as Trustee of the Estate of Kenneth Ira Starr, *et al.*, | Adv. Proc. No. 14-02395 (MEW) |
| Plaintiff, | |
| – against – | |
| HAROLD EVANS and TINA BROWN, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

---

[1] Defendants admit the allegations contained in footnote 1 of the SAC.

Defendants Harold Evans and Tina Brown, through their undersigned counsel, answer the Second Amended Complaint ("SAC") filed on February 25, 2015 by Robert L. Geltzer, as Trustee of Starr & Company, LLC ("S&C") by alleging as follows:[2]

## PARTIES[3]

1.  Defendants admit the allegations contained in the first sentence of paragraph 1 of the SAC, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the SAC.

2.  Defendants admit the allegations contained in paragraph 2 of the SAC.

3.  Defendants admit the allegations contained in paragraph 3 of the SAC.

## JURISDICTION AND VENUE

4.  Paragraph 4 of the SAC asserts conclusions of law to which no response is required.

5.  Paragraph 5 of the SAC asserts conclusions of law to which no response is required. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendants deny that this is a core proceeding but consent to the entry of final orders and judgment by the Bankruptcy Court.

6.  Paragraph 6 of the SAC asserts conclusions of law to which no response is required.

7.  Paragraph 7 of the SAC asserts conclusions of law to which no response is required.

---

[2] Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 2 of the SAC. Defendants deny they owe any money to the Trustee or Debtors under any legal or equitable theory.

[3] The Second Amended Complaint contains headings, which are not allegations and do not require a response from Defendants. To the extent headings are construed as allegations, they are denied.

2

## FACTS

### A. Background

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the SAC.

9. Defendants admit the allegations contained in paragraph 9 of the SAC.

10. Defendants admit the allegations contained in paragraph 10 of the SAC.

11. Defendants admit the allegations contained in paragraph 11 of the SAC.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the SAC, except Defendants admit that Starr plead guilty to criminal charges on or about September 10, 2010.

13. Defendants admit the allegations contained in paragraph 13 of the SAC, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that the Trustee became permanent Trustee of Starr pursuant to Section 702(d) of the Bankruptcy Code and by operation of law. To the extent that paragraph 13 asserts conclusions of law, no response is required.

14. Defendants admit the allegations contained in paragraph 14 of the SAC.

15. Defendants admit the allegations contained in paragraph 15 of the SAC.

16. Defendants admit the allegations contained in paragraph 16 of the SAC.

### B. Professional Services Rendered to and on Behalf of the Defendants

17. Defendants admit that during the period December 2008 through May 2010, S&C voluntarily provided some services to Defendants for free and without any expectation that Defendants would pay for those services. Defendants otherwise deny the allegations contained in paragraph 17 of the SAC.

18. Defendants admit that S&C sent Defendants one or more invoices during the period January 2009 through June 2010, but Defendants otherwise deny the allegations contained in paragraph 18 of the SAC.[4]

19. Defendants admit that the Trustee wrote to Mr. Evans on or about April 29, 2014, stating that Mr. Evans owed the Trustee money. Defendants admit that it is the Trustee's position that Defendants owe the Debtors' estate $98,410.19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that the Trustee wrote to Mr. Evans on or about September 9, 2013.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the SAC.

21. Defendants admit they have refused to make any payment to the Trustee, but Defendants otherwise deny the allegations contained in paragraph 21 of the SAC.

## COUNT ONE
### (Account Stated)

22. Defendants reallege and incorporate by reference the allegations set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

23. Defendants deny the allegations contained in paragraph 23 of the SAC.

24. Defendants deny the allegations contained in paragraph 24 of the SAC.

25. Defendants deny the allegations contained in paragraph 25 of the SAC.

26. Defendants deny the allegations contained in paragraph 26 of the SAC.

---

[4] Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 3 of the SAC. Defendants deny they owe any money to the Trustee or Debtors under any legal or equitable theory. To the extent that footnote 3 of the SAC asserts conclusions of law, no response is required.

4

## COUNT ONE
### (Quantum Meruit)

27.   Defendants reallege and incorporate by reference the allegations set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

28.   Defendants admit that during the period December 2008 through May 2010, S&C voluntarily provided some services to Defendants for free and without any expectation that Defendants would pay for those services. Defendants otherwise deny the allegations contained in paragraph 28 of the SAC.

29.   Defendants deny the allegations contained in paragraph 29 of the SAC.

30.   Defendants deny the allegations contained in paragraph 30 of the SAC. To the extent that paragraph 30 of the SAC asserts conclusions of law, no response is required.

31.   Defendants deny the allegations contained in paragraph 31 of the SAC. To the extent that paragraph 31 of the SAC asserts conclusions of law, no response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

32.   Defendants deny the Trustee is entitled to any relief whatsoever in connection with the SAC.

## AFFIRMATIVE DEFENSES

33.   Without assuming any burden of proof or persuasion that properly lies with the Plaintiff, Defendants reallege and incorporate by reference the allegations set forth in the proceeding paragraphs of this Answer as if fully set forth herein and assert the following affirmative defenses:

**First Affirmative Defense**

34.   The SAC fails to state a claim against Defendants upon which relief may be granted.

5

**Second Affirmative Defense**

35. The Trustee's claims for money owed for certain periods are time-barred.

**Third Affirmative Defense**

36. The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands or *in pari delicto* or by other equitable considerations because Debtors are guilty of immoral, unconscionable conduct or breach of fiduciary duties, including without limitation, sending Defendants fraudulent and inaccurate invoices. This conduct is directly related to the subject matter of this litigation and is imputed to the Trustee.

**Fourth Affirmative Defense**

37. On or about March 27, 2009, Defendants paid S&C $5,282.30 in full satisfaction of Invoice # 21864 dated January 1, 2009.

**Fifth Affirmative Defense**

38. The Trustee's claims are barred, in whole or in part, because any agreement between Debtors and Defendants for Defendants to pay Debtors was mutually cancelled, terminated, or rescinded prior to the incurrence of any fees claimed due by the Trustee.

**Sixth Affirmative Defense**

39. The Trustee's claims are barred, in whole or in part, because any agreement between Debtors and Defendants was modified or superseded by a new agreement under which Debtors agreed to provide certain services to Defendants for free in order to retain Defendants as clients.

**Seventh Affirmative Defense**

40. The Trustee's claims are barred, in whole or in part, because Kenneth Ira Starr ("Starr"), an authorized representative of Debtors, unequivocally agreed that Defendants were

6

not obligated to pay the invoices for which the Trustee seeks payment in the SAC, and in doing so relinquished, released, or waived any right to payment for those invoices.

**Eighth Affirmative Defense**

41.     The Trustee's claims are barred, in whole or in part, by the doctrine of estoppel because Starr unequivocally told Defendants that they were no longer obligated to pay, would no longer be billed, and could ignore any invoices for any services Debtors provided to Defendants. Starr knew that Defendants would rely on these statements, and Defendants did reasonably rely on these statements when they continued to accept services from Debtors without paying Debtors.

**Ninth Affirmative Defense**

42.     The Trustee's claims are barred, in whole or in part, because Defendants unequivocally told Starr that they would no longer pay Debtors for any future services. Starr fully understood and acknowledged that Defendants would no longer pay for services provided by Debtors. S&C voluntarily continued to perform services for Defendants and thereby assumed the risk that Defendants would not pay for those services.

**Tenth Affirmative Defense**

43.     The Trustee's claims are barred, in whole or in part, by Debtors' breach of the covenant of good faith and fair dealing.

**Eleventh Affirmative Defense**

44.     The Trustee's claims are barred, in whole or in part, as a result of Debtors' failure to perform or satisfy one or more of the conditions precedent to any payment obligation by Defendants.

### Twelfth Affirmative Defense

45. The Trustee's claims are barred, in whole or in part, by lack of consideration because Debtors failed to provide services for which Defendants were billed.

### Thirteenth Affirmative Defense

46. The Trustee's claims are barred to the extent they are for services purportedly performed on behalf of persons or entities other than Defendants.

### Fourteenth Affirmative Defense

47. The Trustee's claims against Defendants fail to the extent they seek to impose joint and several liability on Defendants, because there is no basis for such relief.

### Fifteenth Affirmative Defense

48. The Trustee's claims are barred, in whole or in part, because the invoices for which the Trustee seeks payment do not contain a sufficient explanation of the services allegedly provided to Defendants or the basis for the charges.

### Sixteenth Affirmative Defense

49. The Trustee's claims are barred, in whole or in part, because S&C and/or the Trustee destroyed or permitted to be destroyed relevant or discoverable documents and information.

### Seventeenth Affirmative Defense

50. The Trustee's claims are barred, in whole or in part, because Debtors failed to mitigate losses from Defendants' alleged non-payment of the amounts sought by the Trustee.

### Eighteenth Affirmative Defense

51. The Trustee's claims are barred, in whole or in part, because granting relief requested by Plaintiff would be unconscionable and a violation of public policy.

## RESERVATION OF RIGHTS

52. Defendants reserve the right to allege additional affirmative defenses or counterclaims as they may become known during the course of discovery and hereby specifically reserve the right to amend this Answer to allege said affirmative defenses or counterclaims at such time.

## PRAYER FOR RELIEF

53. Defendants respectfully request that this Court enter judgment in favor of Defendants, dismiss the SAC with prejudice, and award Defendants attorneys' fees, costs, and such other relief as the Court deems just and proper.

Dated:  March 23, 2015
        New York, New York

By: */s/ Colleen A. Harrison*

Scott E. Gant (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
T: 202-237-2727
F: 202-237-6131
E: sgant@bsfllp.com

Colleen A. Harrison
BOIES, SCHILLER & FLEXNER LLP
26 South Main Street
Hanover, NH 03755
T: 603-643-9090
F: 603-643-9010
E: charrison@bsfllp.com

*Attorneys for Defendants Harold Evans and Tina Brown*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>KENNETH IRA STARR, *et al.*,<br><br>       Debtors. | Case No. 11-10219 (CGM)<br><br>Chapter 7 |
| ROBERT L. GELTZER, as Trustee of the Estate of Kenneth Ira Starr, *et al.*,<br><br>       Plaintiff,<br><br>– against –<br><br>HAROLD EVANS and TINA BROWN,<br><br>       Defendants. | Adv. Proc. No. 14-02395 (CGM) |

## CERTIFICATE OF SERVICE

I, Colleen A. Harrison, hereby certify that on March 23, 2015, I electronically transmitted Defendants' Answer to the Second Amended Complaint to the Clerk of the Bankruptcy Court using the Court's CM/ECF System for filing and served the same on the following by CM/ECF and U.S. Mail:

Robert L. Geltzer  
The Law Offices of Robert L. Geltzer  
1556 Third Avenue, Suite 505  
New York, NY 10128  

Robert A. Wolf  
Tarter Krinsky & Drogin LLP  
1350 Broadway  
11th Floor  
New York, NY 10018

Pursuant to Southern District of New York Local Bankruptcy Rule 9070-1, I have submitted a copy of the same to the Clerk of the Bankruptcy Court for transmittal to the Office of the U.S. Trustee listed below:

>Richard C. Morrissey
>Office of the U.S. Trustee
>33 Whitehall Street, 21st Fl.
>New York, NY 10004

>/s/ Colleen A. Harrison_____